IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Antwyn Gibbs, | ) | Case No. 8:20-cv-00716-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Gordon B. Johnson, Sr.; Garrett Lominack; Robert Dennis; Michael Stribble, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Amended Complaint alleging violations of his constitutional rights. ECF No. 30. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On January 8, 2020, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without prejudice as to the claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and with prejudice as to the remaining claims and without issuance of service of process. ECF No. 38. Plaintiff filed objections to the Report.[1] ECF Nos. 42, 45, 47.

---

[1] Plaintiff has filed several other documents since the Report was filed. *See* ECF No. 40, 44, 46, 48, 50. The Court has reviewed all of Plaintiff's filings in making its ruling.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends dismissal of this action for several reasons which the Court will address in turn. With respect to any request that this Court reverse Plaintiff's West Virginia criminal charges, release from prison is not available pursuant to 42 U.S.C. § 1983. *See Heck*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). His claim for monetary relief based upon his alleged unlawful conviction and confinement in West Virginia is also barred by *Heck* as Plaintiff has not shown that the charges were terminated in his favor. *Edwards v. Balisock*, 520 U.S. 641

2

(1997) (holding that the preclusive rule in *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment). Accordingly, any objections as to these claims are overruled and these claims are dismissed without prejudice.

The Magistrate Judge next recommends dismissal of Plaintiff's illegal extradition and Fourth Amendment claims because they are barred by the statute of limitations, which is either two or three years. As explained in more detail by the Magistrate Judge, the alleged unconstitutional activity occurred sometime in 2015. Plaintiff filed this suit in 2020. Under South Carolina law, the statute of limitations for a claim pursuant to § 1983 is three years; moreover, even if the Court were to apply West Virginia law, the statute of limitations would be two years. *See Hamilton v. Middleton*, C/A No. 4:02-cv-1952-PMD, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003); *Green v. Rubenstein*, 644 F. Supp. 2d 723, 746–47 (S.D. W. Va. 2009) (citing W. Va. Code. § 55-2-12). From the face of the Amended Complaint, it is clear that Plaintiff acquired knowledge of existing facts sufficient to put him on notice more than three years prior to his filing suit that he may have had a claim for violation of his constitutional rights. The statute of limitations begins to run when a plaintiff knows or has reason to know of his injury. *Hoffman v. Tuten*, 446 F. Supp. 2d 455, 459 (D.S.C. 2006). Accordingly, Plaintiff's claims are untimely. Any objections as to these claims are overruled and these claims are dismissed with prejudice.[2]

---

[2] Because the Court finds that Plaintiff's illegal extradition and Fourth Amendment claims are barred by the statute of limitations, the Court declines to address the remainder of the Report with respect to Plaintiff's Fourth Amendment claims.

3

The Magistrate Judge noted that it appeared that Plaintiff had abandoned his claims with respect to the South Carolina Courthouse.  Liberally construed, Plaintiff may object to that determination.  *See* ECF No. 42 at 4.  Regardless of whether Plaintiff abandoned that claim, it is subject to summary dismissal.  It is well settled that only "persons" may act under color of federal law; therefore, a defendant in a § 1983 action must qualify as a "person."  *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate").  The South Carolina Courthouse is not a person; accordingly, any claim against it is dismissed.  *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999), *aff'd in part, modified in part, vacated in part*, 203 F.3d 821 (4th Cir. 2000) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983.").

With respect to Plaintiff's request that counsel be appointed, there is no constitutional right to appointed counsel in a civil case, *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989), but this Court may exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(d); *see Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971).  However, the Fourth Circuit has stated that counsel should be appointed only in exceptional circumstances, which will turn on the quality of two basic factors, i.e., the type and complexity of the case and the abilities of the individuals bringing it.  *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (internal quotation marks

omitted) (quoting *Whisenant*, 739 F.2d at 163). The pleadings and documents filed in this case fail to demonstrate exceptional circumstances exist warranting the appointment of counsel at this stage in the proceedings. Accordingly, Plaintiff's request is denied.

## CONCLUSION

Accordingly, the Court adopts the Report of the Magistrate Judge. This action is **DISMISSED** without prejudice as to Plaintiff's claims that are barred by *Heck* and with prejudice as to Plaintiff's remaining claims and without issuance of service of process.[3] Plaintiff's motions for default judgment [48, 50] are **DENIED as MOOT**. *See Dyal v. GE Gas Turbines*, C/A No. 6:11-03238-JMC , 2013 WL 3229712, at *6 (D.S.C. June 25, 2013) ("[T]he Fourth Circuit Court of Appeals has held that the service period is tolled until the district court completes its initial review and authorizes service of process in IFP cases.") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010)).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 16, 2020
Spartanburg, South Carolina

---

[3] As Plaintiff has already availed himself of the opportunity to amend his complaint, the Court declines to allow him to amend a second time. *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order") (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015)); *see also Bing v. Brivo Sys., LLC*, ___F.3d___, 2020 WL 2530832, at *1–7 (4th Cir. May 19, 2020).

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.